UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **TRAVELERS PROPERTY CASUALTY INSURANCE CO.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SERVICE EXPERTS HEATING & AIR CONDITIONING, LLC.,**<br><br>**Defendant.** | Case No. 12-2208 |

## OPINION AND ORDER

This is an insurance subrogation action seeking property damages arising out of a fire at a Champaign, Illinois residence on August 2, 2009. Plaintiff claims that Defendant's negligence caused the fire and resulting property damage when it installed a cardboard/paper type air filter into the metal frame of an electronic air cleaner. On August 15, 2014, Plaintiff filed a Motion to Extend Discovery (# 38), to which Defendant objected (# 40). On September 2, 2014, Defendant filed a Motion to Strike Plaintiff's Supplemental Expert Report of August 6, 2014 (# 39), to which Plaintiff also objected (# 47). The Court has carefully considered the arguments advanced by both parties and, for the reasons stated below, **GRANTS** Plaintiff's Motion to Extend Discovery **(# 38)** and **DENIES** Defendant's Motion to Strike **(# 39)**.

### Procedural Posture

On November 1, 2012, this Court entered a discovery order (#10), which set a June 19, 2013, deadline for Plaintiff to disclose experts and provide expert reports and an August 2, 2013, deadline for Defendant to do the same. Discovery was to close on October 25, 2013. The Parties filed a Joint Motion to Extend Discovery Schedule (# 18) on April 4, 2013, which the Court granted, setting Plaintiff's expert disclosure deadline to September 20, 2013, Defendant's to November 4, 2013, and the completion of discovery to January 27, 2014. The Parties again asked

for an extension to this schedule (# 28), and Plaintiff's expert disclosure deadline was moved to December 19, 2013, Defendant's to February 3, 2014, and discovery was set to close by April 28, 2014. Plaintiff disclosed its expert, Mr. Gary Woodall, prior to December 19, 2013, and provided Defendant with Mr. Woodall's "Final Report," dated December 17, 2013.

On March 13, 2014, the parties again requested an extension of the discovery deadlines (# 36), and Defendant's expert disclosure deadline was pushed back to June 1, 2014 and the deadline for the completion of discovery was set to July 15, 2014. Defendant conducted a deposition of Plaintiff's expert, Woodall, on March 24, 2014. On May 5, 2014, Defendant sought Plaintiff's agreement to an additional inspection of the artifacts from the fire scene. The artifacts were inspected on May 16, 2014, and Mr. Woodall was present, in addition to Defendant's representatives. Then, on June 6, 2014, Defendant filed a motion for extension of time to complete discovery (# 37), which Plaintiff did not oppose. Defendant's expert disclosure deadline was again extended, to June 30, 2014, and discovery was set to close on August 15, 2014. Defendant made its expert disclosures on June 30, 2014, and offered its experts for deposition on August 5 and August 13, 2014. On August 11, 2014, Plaintiff delivered Mr. Woodall's Supplemental Expert Witness Disclosure, dated August 6.

Two discovery motions are before the Court and will be addressed in this Opinion. Plaintiff has moved to extend the discovery schedule again, requesting an additional 45 days to complete expert witness discovery and for a 30-day period after that to disclose and examine rebuttal expert testimony. Defendant, meanwhile, seeks to strike, in its entirety, Mr. Woodall's Supplemental Expert Witness Disclosure, arguing that, insofar as the Disclosure is, in fact, rebuttal testimony, it is untimely, and insofar as it supplements Mr. Woodall's previous report, it is improper. The Court will address each of these motions in turn.

**Motion to Strike (# 39)**

As previously mentioned, Plaintiff's Expert, Gary Woodall, studied the fire scene and reviewed statements from witnesses, which resulted in a report, dated December 17, 2013. In this report, Woodall concluded that the residential fire originated in the filter box supporting the furnace. He determined that the cause of the fire was "the application of 8150 Volts DC to the

2

cardboard filter box of the passive filter installed by Chief Bauer Heating and Air Conditioning,"[1] when the cardboard absorbed sufficient moisture to allow "the voltage to arc track across the surface and eventually ignite the cardboard material." Woodall also noted that the power supply for the electronic filter was "found to be wired in with the furnace power and the switch was found in the 'ON' position," though the air filter was a "passive" filter, meaning that no electricity was needed for its proper operation.

At his March 24, 2014, deposition, Mr. Woodall testified that he had not seen any signs of damage to the electrical conductors that were within or attached to the air cleaner and that his conclusion that the high voltage EAC contact was attached to an energized wire was an "educated guess." In the supplemental report, dated August 6, 2014, Woodall notes that he is offering this addendum to his initial report, after participating in the May 16, 2014, joint evidence study and after reviewing Defendant's experts' reports as well as the transcript of his own deposition. Woodall references portions of his deposition and provides additional materials collected in the May joint evidence study to support his conclusions. Woodall then describes additional information that he gathered regarding the model of the air filter, and explains the relevance.

Defendant raises three specific areas of concern. First, Defendant objects to Woodall's inclusion of dust accumulation as a factor which, in addition to the absorbed moisture previously identified, contributed to the arc tracking. Defendant notes that, in the December 2013 report, Woodall did not mention dust accumulation anywhere on the cardboard filter and, in his deposition, Woodall stated that the air filter was intended to filter out particulates, including dust, but did not provide any claim or opinion that the filter frame accumulated dust. Second, Defendant objects to Woodall's inclusion of previously un-identified sources of moisture within the house that could have contributed to the alleged moisture build-up. Third, Defendant objects to additional evidence included in the supplemental report that supports Woodall's previous "educated guess" that the high-voltage contacts were connected to the EAC frame and energized.

---

[1] Defendant, Service Experts Heating and Air Conditioning, LLC, is the successor in interest to Chief Bauer Heating & Air Conditioning, LLC.

Defendant advances two arguments as to why the supplemental report should be stricken. First, Defendant argues that the report is, at least partially, rebuttal testimony, meant to contradict testimony presented by Defendant's experts and, as such, is untimely. Second, Defendant argues that the rest of the supplemental report consists of new findings and materials that are improperly introduced at this stage of the litigation.

*Rebuttal evidence*

Defendant argues that, to the extent that the supplemental report attempts to contradict or rebut Defendant's expert reports, it is untimely under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). This Rule provides that, absent a stipulation or court order, such disclosures must be made "within 30 days after the other party's disclosure." Since Defendant's expert disclosures were made on June 30, the August 11 tender of the August 6 supplemental report was untimely. The Court, however, notes that Defendant made its most recent request for an extension of its own deadlines for disclosure five days after it was required to make these disclosures. By agreeing to the extension, Plaintiff offered Defendant a courtesy which the Court concludes is only reasonable to return to Plaintiff. Therefore, by order of this Court, to the extent that the supplemental report includes rebuttal opinion under Rule 26(a)(2)(D)(ii), it will be deemed timely made.

*New findings and materials*

Defendant also argues that the supplemental report improperly contains new findings and materials. Defendant objects to the inclusion of the additional information in the supplemental report, arguing that this is evidence that bolsters previously inadequately supported conclusions, and is, therefore, impermissible.

Federal Rule of Civil Procedure 26(e)(2) provides that a party has a duty to supplement any expert disclosure made under Rule 26(a)(2)(B), and that this duty "extends both to information included in the report and to information given during the expert's deposition." As Defendant notes, "Rule 26(e)(1) permits, indeed requires, that an expert supplement his report and disclosures in certain limited circumstances. … Permissible supplementation under the Rules … 'means correcting inaccuracies, or filling the interstices of an incomplete report based on

information that was not available at the time of the initial disclosure.'" *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (U.S.D. Col. 2006) *quoting Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). Defendant argues that, because Plaintiff and Mr. Woodall were in possession of all evidence in this case as early as September 4, 2009, there is no information that was not available at the time of the disclosure and, therefore, any new findings or materials should have been included in the initial report and, therefore, are untimely.

First, the Court notes that, at several places in the supplemental report, Mr. Woodall refers to observations made and information collected during the May 16, 2014, joint evidence study conducted at Defendant's request. To the extent that Defendant objects to the inclusion of such observations and information, the Court disagrees. As Plaintiff aptly recognizes, if Defendant truly believed that an additional examination of the physical evidence could not reveal new evidence that could support a conclusion, there would have been no need for Defendant to request the study at all. At several points in Mr. Woodall's supplemental report, he explains observations made during the May study and offers them in support of his previously voiced opinion. Therefore, to the extent that Mr. Woodall offers and explains observations made during the May study, he has offered proper supplementation. The mere fact that he might have made these observations in a prior study does not exclude him from including them in a supplemental report.

With respect to Defendant's objection as it relates to new information that was not directly linked to the joint study, this Court agrees with the District Court for the Northern District of Illinois which, in *Talbert v. City of Chicago*, addressed a similar argument. 236 F.R.D. 415, 419 (N.D. Ill. 2006). In *Talbert*, the defendant objected to a supplemental report on the basis that the expert "had a fair and reasonable opportunity to review and analyze whatever information and documents he had when he prepared his initial report," and the supplement did not stem from newly discovered information. *Id*. The court there found that Rule 26(e), "by its plain terms, imposes duties on the parties; it does not purport to limit a court's discretion under Rule 26(a)(2)(C) to direct the 'times and … the sequence' in which expert reports should be filed." *Id.* at 421. The purpose of the mandate in Rule 26(e), the court concluded, is to prevent surprise at trial, which purpose was accomplished by allowing, as a discretionary matter, the

filing of a supplemental report that fully informs the recipient of the anticipated testimony of the expert. *Id.* The court went on to elaborate that "[i]t is not *always* necessary … that the supplement be based on information acquired after the initial report was disclosed; it is enough that a party learns the expert report was incomplete or incorrect in some material aspect." *Id.* (emphasis in original).

Turning back to the arguments at hand, Defendant calls upon the Court to use its discretion to exclude Woodall's supplemental report. Defendant argues that the supplemental opinions are prejudicial to Defendant because it adds new opinions and information "well beyond the original expert opinion disclosure deadline," and because discovery in the case closed on August 15, 2014, and all expert depositions have been completed. However, for the reasons explained below, the Court is prepared to extend discovery so as to complete the deposition of Defendant's expert as well as to provide an opportunity for rebuttal expert opinions to be disclosed. Therefore, the Court concludes that, as it is granting Plaintiff's motion for an extension of time to complete discovery, Defendant will not be prejudiced by permitting Mr. Woodall to supplement his initial report. This decision similarly comports with the preference, in the federal system, "that trials be determined on the merits and not on constructions of the Federal Rules of Civil Procedure that operate needlessly in a given case to deprive a party of its right to have a merits-based determination of its claim." *Id.* at 419 (citations omitted). Expert Woodall's supplemental report dated August 6, 2014, will therefore be allowed to stand.

**Motion to Extend Discovery (# 38)**

On August 6, 2014, Defendant produced its expert witness file materials, in response to a subpoena that requested them no later than July 16, 2014. Defendant's expert, Mr. Neuhalfen, was deposed on August 13, 2014. During the deposition, it was learned that the production of his expert file was incomplete. More precisely, five discs of photographs from an artifact inspection and exemplar testing were first produced during the course of the deposition. Additionally, Mr. Neuhalfen's field notes from the exemplar testing were also first produced during the deposition. Plaintiff's counsel reserved the right to recall Neuhalfen with regards to the photographs and the field notes and, after determining that further examination was desired on these issues, filed the instant Motion to Extend Discovery (# 38). Plaintiff has asked the Court to extend discovery for

6

45 days so that Mr. Neuhalfen's deposition can be re-opened and that the witness can be examined on the photos and field notes as well as an extension for the disclosure and examination of rebuttal witnesses, if any, and of the deadline for filing dispositive motions. Defendant opposes, arguing that the reasons do not justify the relief prayed for by Plaintiff, noting that the omission of the photographs was inadvertent and that the "substance of the field notes were [sic] provided to Plaintiff's counsel in Heuhalfen's report of June 30, 2014." Defendant states, however, that it has no objection to reopening the deposition so that Plaintiff can question Neuhalfen regarding the photographs. Defendant objects, though, to reopening the deposition as to the field notes, on the basis that Plaintiff has had ample opportunity to examine Neuhalfen as to the June 30 report.

The Court concludes, after careful consideration of the parties' arguments, that the Plaintiff should have an opportunity to examine Mr. Neuhalfen with regards to both the photographs and the field notes, as these materials were first produced at the deposition and Plaintiff did not have an opportunity to review them with its expert prior to the deposition. Therefore, the Court finds that Plaintiff's request for an extension of discovery to re-open Mr. Neuhalfen's deposition is appropriate.

With respect to the request for an extension of the time to disclose rebuttal witnesses and present them for examination, as already discussed, the Court has discretion to extend the default time frame for the disclosure of rebuttal witnesses. An opportunity to disclose rebuttal witnesses and testimony similarly serves Defendant, in allowing it to respond to Mr. Woodall's supplemental report. Therefore, Plaintiff's request to extend the rebuttal testimony is also extended.

## Conclusion

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Supplemental Expert Report of August 6, 2014 **(# 39)** is **DENIED**. Plaintiff's Motion to Extend Discovery **(# 38)** is **GRANTED**. The parties have until October 31, 2014, to complete discovery, consistent with this opinion. The deadline for both parties to disclose rebuttal witnesses and offer them for deposition is December 1, 2014. Any and all dispositive motions are due by January 3, 2015. Further, a

7

pretrial conference is set before District Judge Colin S. Bruce on May 8, 2015, at 10:30 AM, by personal appearance in Courtroom A, Urbana. A trial by jury is set to begin with District Judge Colin S. Bruce presiding on May 19, 2015, at 9:30 AM, in Courtroom A, Urbana.

It is so ordered.

ENTERED this 30th day of September, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE
